IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY J. BROWN,

                                                                       ORDER

                    Plaintiff,

                                                                     10-cv-129-bbc

      v.

BELINDA SCHRUBBE, PAUL
SUMNICHT and CYNTHIA THORPE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In an order entered on July 31, 2015, I denied plaintiff Larry J. Brown's motion to stop the Columbia Correctional Institution from taking 100% of his income. Now, plaintiff has filed a motion for reconsideration of that order. Plaintiff's motion will be denied.

        In his motion, plaintiff argues that under DAI Policy # 309.45.02, fees should be collected "one case at a time" and that only 20% of his of his income should be withheld to pay his federal and state court filing fees. The language plaintiff cites, "one at a time" comes from the DAI Policy definition of First In/First Out (FIFO), which states "When there are multiple obligations of the same type, orders will be honored one at a time with the oldest deducted first." Further, DAI Policy # 309.45.02 places six categories of withholdings into the First In/First Out" or "one at a time" policy: Victim Witness Surcharges, DNA Surcharges, Institution Legal Loans, Institution General Loans, Institution Canteen Loans and Work Release Loans. Unfortunately for plaintiff, federal and state court filing fees

1

incurred under the Prison Litigation Reform Act are not collected under the First In/First Out policy. Rather, as explained to plaintiff in July 31 order, under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Using the formula described above, plaintiff is required to pay 40% of his monthly income for this case and its appeal, until the remaining balances is paid in full. If, as plaintiff states in his motion, he owes PLRA filing fees in nine cases, it may well be that 100% of his income is going towards payment of these filing fees.

Although I appreciate plaintiff's frustration at his inability to purchase hygiene and canteen products, this court is bound by the provisions of the Prison Litigation Reform Act. I have no discretion to modify the method in which the fees for filing these cases are collected. As I told plaintiff in the previous order, if he believes that the application of the "First In/First Out" policy is depriving him of things he needs, in violation of the Constitution, he will have to raise that issue in a separate lawsuit.

Finally, because plaintiff indicates he sent his only copy of DAI Policy # 309.45.02 to the court with his first motion, I will send a copy of the policy to plaintiff along with his copy of this order.

ORDER

IT IS ORDERED that plaintiff Larry Brown's motion for reconsideration dkt. #105, is DENIED.

Entered this 25th day of August , 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge